IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRENCE T. COLER, #13078686 | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:14-CV-0237-P-BK |
| | § | |
| JUDGE NFN KEMP, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On January 21, 2014, Plaintiff, a county inmate, filed a *pro se c*omplaint under 42 U.S.C. § 1983 against Judge NFN Kemp, Defense Counsel Vicky Rice, and Dr. Pittman. [Doc. 3 at 3]. The Court granted the motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed.

**I. BACKGROUND**

As best as the Court can decipher, Plaintiff sues Defendants Kemp, Rice, and Pittman for due process violations stemming from false charges (jay walking and criminal trespass), false imprisonment, and a false diagnosis that he incompetent to stand trial. [Doc. 3 at 4; Doc. 14 at 2-6]. Plaintiff asserts that Defendants acted pursuant to a "Great Conspiracy . . . to save two police officer[s]," and that he was fully competent, had no psychiatric history, and took no medications. [Doc. 3 at 4; Doc. 14 at 2-5]. According to Plaintiff, even Defense Counsel Vicky Rice recognized that he was competent. [Doc. 3 at 4; Doc. 14 at 4]. In the end, Plaintiff states he "sign[ed] no document on [his] release," and was not given "due process" even though he was "waiting for [a] hospital bed for 6 months." [Doc. 3 at 4]. He seeks monetary damages of $2.6 million. *Id.*

In answer to the Court's questionnaire, Plaintiff does not identify the criminal case number or when the above proceedings occurred. [Doc. 14 at 2, 7]. He concedes, however, that he is presently confined awaiting resolution of a new criminal mischief charge [Doc. 14 at 1], in which a mental evaluation was ordered in January 2014, according to Dallas County online records. *See State v. Coler*, No. F13-63319 (292nd Judicial District Court, Dallas County, Jan. 17, 2014) (ordering Dr. Lisa Clayton to conduct a mental evaluation to determine Plaintiff's competency to stand trial).

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers). Even under this most liberal construction, however, Plaintiff's complaint is frivolous.

Plaintiff's conspiracy allegations are conclusory. Plaintiff fails to plead any facts on which his claim is based. A claim for civil conspiracy requires allegations of facts sufficient to show that there was an agreement between the defendant and others to inflict a wrong or injury upon the plaintiff and an overt act that results in damages. *Crowe v. Lucas*, 595 F.2d 985, 993

(5th Cir. 1979). Here, Plaintiff's pleadings are totally devoid of any allegation of facts that would permit an inference that Defendants conspired in any way to deprive Plaintiff of his constitutional rights. *See* Hale v. Harney, 786 F.2d 688, 690 (5th Cir. 1986). "'Mere conclusory allegations of conspiracy cannot, absent reference to material facts,' state a substantial claim of federal conspiracy under 42 U.S.C. § 1983." *Id.* (quoting Arsenaux v. Roberts, 726 F.2d 1022, 1024 (5th Cir. 1982)).

In addition, assuming Judge NFN Kemp exists, he or she is entitled to absolute immunity from the claim for damages. His/her actions during the court proceedings, which are the basis of this suit, were taken in his/her capacity and function as a judge. *Stump v. Sparkman*, 435 U.S. 349, 361-62 (1978). "Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial discretion." *Boyd v. Biggers,* 31 F.3d 279, 284 (5th Cir. 1994).

Likewise, Dr. Pittman enjoys absolute immunity for evaluating Plaintiff's competency at the state court's request. *See Moses v. Parwatikar,* 813 F.2d 891, 892 (8th Cir.1987) (court-appointed psychiatrist who conducted competency examination of a criminal defendant "performed functions essential to the judicial process" and, as such, enjoyed absolute immunity in performance of such functions); *see also* McArdle v. Tronetti, 961 F.2d 1083, 1085 (3rd Cir.1992) (psychiatrist who performed evaluation of prisoner at court's request was entitled to absolute immunity); Morstad v. Dep't of Corr, & Rehab., 147 F.3d 741, 744 (8th Cir.1998) (psychologist who evaluated probationer pursuant to court order was absolutely immune from section 1983 damages).

Moreover, Plaintiff cannot satisfy the "under color of state law" requirement with respect to Defense Counsel Rice for acts and omissions during his state criminal prosecution.[1]  See Polk County v. Dodson, 454 U.S. 312, 324-25 (1981) (public defender does not act under color of state law in representing a defendant in a criminal case); Mills v. Criminal Dist. Court No. 3, 837 F.2d 677, 679 (5th Cir. 1988) (same as to court appointed attorney).

Consequently, Plaintiff's claims lack any basis in law and should be dismissed as frivolous.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be summarily **DISMISSED** with prejudice as frivolous.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

SIGNED March 11, 2014.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] To pursue a claim under section 1983, a plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by one acting under color of state or federal law.  West v. Atkins, 487 U.S. 42, 48 (1988).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE